**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY :
OF NEW YORK and NOVARTIS :
PHARMACEUTICALS CORPORATION, : CIVIL ACTION NO.:
 : 06-CV-13230 (WHP)
    Plaintiffs, :
 :
  -against- :
 :
TA OPERATING CORPORATION d/b/a :
TRAVELCENTERS OF AMERICA, :
TRAVELCENTERS OF AMERICA, INC., :
TRAVELCENTERS PROPERTIES, LP, and :
NEW PRIME, INC. d/b/a PRIME, INC. :
 :
    Defendants. :
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW PRIME, INC. d/b/a PRIME, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED**
**EXPERT NEIL ZOLTOWSKI ON BEHALF OF NEW PRIME, INC.**


Edward Farman
**Schindel Farman Lipsius Gardner & Rabinovich LLP**
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710

Jon Michael Dumont
**Rawle & Henderson LLP**
140 Broadway, Suite 4636
New York, New York 10005
(212) 858-7570


Attorneys for Defendant,
New Prime, Inc. d/b/a Prime, Inc.

## Table of Authorities

**Cases**
Giordano v. PGT Industries, Inc., 04 cv 9246 n. 2 (S.D.N.Y. Nov. 30, 2007) ............................... 3

Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) ........................................................... 3

**Rules**
Fed. R. Civ. P. 37(c)(1) ................................................................................................................ 3

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY  :
OF NEW YORK and NOVARTIS          :
PHARMACEUTICALS CORPORATION,      :      CIVIL ACTION NO.:
                                  :      06-CV-13230 (WHP)
                    Plaintiffs,   :
                                  :
        -against-                 :
                                  :
TA OPERATING CORPORATION d/b/a    :
TRAVELCENTERS OF AMERICA,         :
TRAVELCENTERS OF AMERICA, INC.,   :
TRAVELCENTERS PROPERTIES, LP, and :
NEW PRIME, INC. d/b/a PRIME, INC. :
                                  :
                    Defendants.   :
----------------------------------------------------------------X

**DEFENDANT NEW PRIME, INC. d/b/a PRIME, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED
EXPERT NEIL ZOLTOWSKI ON BEHALF OF NEW PRIME, INC.**

Defendant, New Prime, Inc. d/b/a Prime, Inc., (hereinafter "Prime"), by and through its attorneys of record, hereby submits its opposition to Plaintiffs' Motion *In Limine* to Preclude Testimony of Proposed Expert Neil Zoltowski on Behalf of New Prime, Inc.

Plaintiffs seek to preclude defendant Prime from calling Neil Zoltowski as an expert witness even though Zoltowski was timely identified as an expert as early as May 30, 2008. Furthermore, Plaintiffs deposed Zoltowski on August 1, 2008.

On August 8, 2008, in the Joint Pretrial Order, defendant Prime joined with the TA defendants in the use of Neil Zoltowski as an expert. Prime did not submit an additional expert report, nor did Prime identify any new areas of testimony to which Zoltowski would testify. Rather, Prime merely joined in with the co-defendant in identifying Neil Zoltowski as a potential expert witness at trial. To the extent that co-defendants are entitled to call Zoltowski, there is no

prejudice if Prime calls Zoltowski for the same area of questioning.  Accordingly, plaintiffs will sustain no prejudice if Prime calls Zoltowski as an expert witness at trial.

The sanction of preclusion of evidence is an extreme sanction that should only be applied in rare cases of "flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995).  This case is not one of those "rare cases."  Rather, it is one where plaintiffs' have had full knowledge of Neil Zoltowski's opinions since May 30, 2008 and have had ample opportunity to depose him and retain their own experts.

Plaintiffs are not prejudiced by Prime's identification of Zoltowski as an expert.  Federal Rule of Civil Procedure 37 (c)(1) provides that if a party fails to disclose information required by Rule 26(a) or 26(e)(1), that party is not allowed to use the evidence at trial *unless* the failure to disclose was harmless.  Fed. R. Civ. P. 37(c)(1), see also, Giordano v. PGT Industries, Inc., 04 cv 9246 n. 2 (S.D.N.Y. Nov. 30, 2007) (where the court allowed a late-disclosed expert report because the delay was harmless and the opposing party had adequate time to depose the expert and retain their own experts).

In this case, plaintiffs have sustained absolutely no harm or prejudice from Prime's disclosure of Neil Zoltowski as an expert.  Plaintiffs received Zoltowski's expert report on May 30, 2008.  There is no evidence of bad faith and callous disregard of the Federal Rules of Civil Procedure and there is no reason to implement the drastic sanction of preclusion in a case, such as this, with no evidence of misconduct or prejudice to plaintiffs.

WHEREFORE, defendant Prime, Inc. respectfully requests that this Court deny plaintiffs' Motion *In Limine* to Preclude Testimony of Proposed Expert Neil Zoltowski on Behalf of Defendant Prime.

Dated: September 25, 2008.
      New York, NY

                         SCHINDEL FARMAN LIPSIUS GARDNER
                        & RABINOVICH LLP

                        By:    */s/ Edward Farman*
                                Edward Farman
                                14 Penn Plaza, Suite 500
                                New York, New York 10122
                                (212) 563-1710
                                Attorneys for Defendant,
                                New Prime, Inc. d/b/a Prime, Inc.


                        RAWLE & HENDERSON LLP

                        By:    */s/ Jon Michael Dumont*
                                Jon Michael Dumont
                                140 Broadway, Suite 4636
                                New York, New York 10005
                                (212) 858-7570
                                Attorneys for Defendant,
                                New Prime, Inc. d/b/a Prime, Inc.