DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK and NOVARTIS
PHARMACEUTICALS CORPORATION,

        *Plaintiffs,*

   - against -

TA OPERATING CORPORATION d/b/a
TRAVELCENTERS OF AMERICA, NEW
PRIME INC. d/b/a PRIME INC.,
and TA OPERATING LLC,

        *Defendants.*

----------------------------------------x

**06 Civ. 13230 (WHP)**

### PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT TO THEIR MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED EXPERT NEIL ZOLTOWSKI

    Plaintiffs, Great American Insurance Company of New York and Novartis Pharmaceuticals Corporation, by their attorneys, Maloof Browne & Eagan LLC, respectfully submit this Reply Memorandum in Further Support of their Motion *In Limine* to Preclude Testimony of Proposed Expert Neil J. Zoltowski.

### PRELIMINARY STATEMENT

    Mr. Zoltowski should not be allowed to testify as to the legally recognized damages suffered by each Plaintiff in this case. Here each Plaintiff has moved for partial

summary judgment on the issues of legally recoverable damages. These motions are presently pending before the Court. *See* Plaintiff Great American's Motion for Partial Summary Judgment dated Sept. 9, 2008 and Plaintiff Novartis' motion for Partial Summary Judgment dated Sept. 9, 2008.

In those briefs each plaintiff identifies the proper damage calculation to be applied. *Id.* Great American sets forth the damage rule that applies to a consignee or purchaser (applicable to Great American as subrogee of McKesson), which is: the invoice value of the cargo. Novartis sets forth the proper damage that applies to a manufacturer of unique goods in a cargo theft case, which is: the market value of the goods at destination.

The defendants oppose these motions seeking to instead apply a different damage calculation based upon an exception to these otherwise operational measures. *See* Plaintiff's Novartis' Motion for Partial Summary Judgment at 3-4. The exception is dependant on a factual record that proves a special reason exist to displace the otherwise operative damages rule. *Id.* The parties dispute in their respective pending papers whom has the burden of production of evidence to prove special reasons. *See* Full briefing regarding Plaintiffs Pending Motions for Partial Summary Judgment.

Here Zoltowski opines simply that: 1.) he reviewed no evidence that Novartis lost profits, business relationships or downstream sales; and therefore he assesses the loss as: 2.) the actual cost of the stolen products (modified slightly by lost profits for the part of the lost cargo that needed to be manufactured because of availability). *See* Zoltowski Report at 7-8, Ex. 2. He candidly testifies his damage opinion was not based on any recognized method of calculation of lost or stolen cargo, not based on accounting principles and not based on his experience in any related filed. He testifies he simply adds and subtracts numbers that were provided to him. *See*

2

*Infra* Section I. Mr. Zoltowski admits he simply did the math and that such a calculation does not require his expertise as an economist. *Id.* Here the defense counsel proffered an expert opinion and report that is based on a damage measurement that has not been adopted by this Court and therefore represents nothing more than defense attorneys' wishful thinking.

Here the parties have stipulated, in the pending motion papers addressing the proper calculation for damages, the actual dollar amounts that will constitute the numerical basis of the recoverable losses. Here the parties have stipulated: i) the actual cost of the stolen cargo; and; ii) the invoice amount of the stolen cargo. *See* Plaintiffs' Reply Memorandum Re: Motion of Partial Summary Judgment. Therefore once this Court rules on the proper damage formula, the Court or jury may simply apply the stipulated numbers accordingly. Here once the pending damage issues are decided by the Court, win, loss or draw, Mr. Zoltowski's opinion will add nothing and will not aid the Court or the jury.

## ARGUMENT

### I

### MR. ZOLTOWSKI'S TESTIMONY AS TO A LACK OF EVIDENCE IS NOT PROPER EXPERT TESTIMONY

Relying solely upon his B.A. in Economics and his years as a hired litigation gun—with not one day of his life spent working in the real manufacturing or sales worlds[1]--the

---

[1] To recap, Mr. Zoltowksi has only been out of school for 12 years. He worked as a consultant in regulatory affairs, having nothing to do with sales or pharmaceuticals, and then has spent the last 9 years as a part of a large team of hired litigation consultants for various firms (See Exhibit 2 to Zoltowski Motion *in Limine*; Zoltowski resume; see also Moving Papers Ex. 1, Zoltowski Dep., Tr. 6-13). No Court has ever qualified him to testify in Court on anything. For these reasons alone his testimony should be excluded. *See Thomas J. Kline v. Lorillard, Inc.* 878 F.2d 791,799 (4th Cir. 1989) (disqualify business expert because during her entire career she never published, had no actual related experience and her present employer "devoted most of its efforts to providing expert testimony" and the court held she did not accumulate "experience by testifying").

complete sum and substance of his opinion is that he was not shown any discovery documents showing Novartis' "lost sales" due to the theft at issue and therefore as far as he could tell, there were no losses suffered. The sole basis for this "opinion" is the fact that Zoltowski has not, to date, been shown sufficient "evidence" to be convinced that such sales were lost, although he admits they "may have lost a sale." Moving Papers Ex. 1, Zoltowski Dep., Tr. 133-134. Whether or not the discovery record is complete, is of course a legal issue, and an economist is not to be relied upon to opine on the parties' discovery obligations or what the factual record should contain.

Here the lack of "evidence" relied upon by Mr. Zoltowski, is actually the result TA litigation strategy. For during 2 years of discovery no discovery on this issue whatsoever was ever undertaken by TA—presumably so it could have an expert conclude there was no evidence of loss. Moreover, here TA was required to come forth with evidence to support its request to displace the otherwise operational damage rules and presumptions and failed to do so. *See* Full briefing regarding Plaintiffs Pending Motions for Partial Summary Judgment.

Mr. Zoltowski's report thus shows (by omission) that he:

- Has never reviewed any "Novartis" post-theft aggregate sales records for the stolen products;
- Has never reviewed any Novartis-McKesson post-theft aggregate sales records for the stolen products;
- Has never interviewed or read any depositions of Novartis' salesmen;
- Has never interviewed or read any depositions of McKesson purchasing agents, nor of other Novartis customers.

See, e.g., Moving Papers Ex. 1, Zoltowski Dep. at 145-147.

4

Mr. Zoltowski simply has no remotely reliable evidence of any kind to base his opinions on. He of course admits that, stating quite clearly that <u>the sole real basis of his opinion is the absence of evidence</u>. See Moving Papers Ex. 2, Zoltowski Report, p. 7. As Zoltowski states:

> "I have seen no information to support that the stolen shipment caused any delay in Novartis' meeting market demand for sales of its products to its customers including McKesson or potential customers."

Moving Papers Ex. 2, Zoltowski Report, p. 7.

## II

## MR. ZOLTOWSKI'S LEGAL OPINIONS ARE NOT PROPER EXPERT TESTIMONY EITHER

At the end of the day, what Zoltowski himself ultimately admitted--no less than ten times--is that he is really just testifying to legal issues that should be decided by the Court in this litigation. See Moving Papers Ex. 1, Zoltowski Dep., Tr. at 41, 42, 44, 47, 49, 53, 83, 115, 158, 177, 178. Of course, that is precisely why all of the same relevant legal issues are fully briefed by the parties and now pending before the Court.[2]

---

[2] Plaintiffs take the position in their motions for partial summary judgment that when a product is unique, like the products stolen here, this Court is required to presume that the shipper lost sales because the thieves have to be presumed to have acted in their own self-interest and to have placed the stolen cargo back into the stream of commerce. "Hijacked goods...ultimately compete with the manufacturer and, therefore, no true replacement is possible." *Polaroid Corp. v. Schuster's Express Inc.*, 484 F.2d 349, 351 (1st Cir. 1973). The burden of proof is on the carrier to show that "special circumstances" exist to calculate damages in an amount other than arrived sound market value. *Philips Consumer Co. v. Arrow Carrier Corp. et al.*, 785 F.Supp. 436 (S.D.N.Y.1992) *aff'd without opinion* 999 F.2d 537 (2d. Cir 1993). Thus, even the fact that cargo was replaced from inventory and a shipper lost neither customers nor the sale of the stolen shipment has been rejected as an insufficient showing of "special circumstances" to justify departure from the market value rule. *Eastman Kodak Co. v. Westway Motor Freight, Inc.*, 949 F.2d 317, 319-320 (10th Cir. 1991); *Philips Consumer Electronics Co., supra*, 785 F.Supp. at 441. Rather it is for the Defendants to also affirmatively prove that the shipper "<u>could not have sold and earned a profit on both the original and replacement shipment</u>, "*Eastman Kodak Co.,*

5

Mr. Zoltowski wishes to opine that Plaintiff economic damages are, as he states in his report: (i) actual cost of the products stolen; and (ii) any lost profits related to goods that were produce for the replacement shipment. Zoltowski Report, Exhibit 2 at p. 8. This is nothing more than defense counsel's pending legal argument as to what the damages should be and is not based on any expertise offered by Mr. Zoltowski as an economist.[3]

Here, as Mr. Zoltowski testifies, he was asked to simply add and subtract and such math not does not require an economist's expertise:

> Q: "all you did there was a subtraction of the cost for that product, which we provided to you from the invoice of that product which we provided to you; is that fair to state?
>
> A: Yes. It was a calculation based upon the invoice value, less the costs which were provided by Novartis.
>
> Q: I take it you and I can agree that it doesn't take an economic expert to do the math to establish your number of $[REDACTED] It's just simple math, correct? [PER 1/13/09 ORDER]
>
> * * *
>
> A: It was the some arithmetic. But one had to review off the documents and understand the circumstances surrounding the issues in the proceeding.
>
> Q: I understand that you reviewed them. My question is, at the end of the day, you just took our numbers and put them -- strike that. I understand that you did a review. But at the end of the day you

---

*supra*, 949 F.2d at 319-320 (emphasis added), such as by selling the replacement shipment to another customer. Mr. Zoltowski is simply not permitted to resolve a pending legal issue.

[3] Defendants' argue that actual cost is the proper measure and that it was not required to come forth with evidence of a special reason to displace the otherwise operational damage rule. See Defendants' Opposition to Plaintiffs' Partial Summary Judgment.

> used the same numbers that we provided; isn't that correct?
>
> * * *
>
> Q: Assuming we had done the math for the lost profit?
>
> * * *
>
> A: I utilized cost data that was provided and produced by Novartis in this matter."

Moving Papers Ex.1, Zoltowski Dep., Tr. 110-111.

It is evident Defendants do not offer Zoltowski's testimony to illicit the expertise opinion of an economist. To Mr. Zoltowski's credit he admitted as much when he testified no other economist has ever utilized the "methods" he uses here to compute a company's lost sales. *Id.*, Tr. 111-114, 152-161, Ex. 1. Furthermore, Mr. Zoltowski, admirably, went on to admit that in fact to do this "arithmetic" he was not aided by outside sources, methodology, treatise, economic principles or formulas. *Id.* at 111-114, Ex.1.

Here the accuracy of Mr. Zoltowski's math or opinion is not at issue. In his opinion, he simply chooses a damage standard favorable to the defendants and then adds and subtracts stipulated amounts to allow Mr. Zoltowski to choose the proper damage test would usurp the proper role of the trial judge to determine the applicable law. *See Ard v. Metro-North Railroad Company*, 492 F. Supp 2d 95, 98 (D.Conn. 2007) (judge is to instruct the jury on applicable law); *In Re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (expert may not testify as to legal standard-explicit or implicit).

All in good time, this Court will rule on the pending motions for partial summary judgment and the jury will be properly instructed as to how damage should be assessed. Having an economist simply adding and subtracting numbers that have been stipulated to does not aid the

jury or the court, who are just as capable as Mr. Zoltowski of adding and subtracting once the court has indicated the figures to be applied. The proffered testimony is not expert opinion based upon reliable methods normally used by economist in the field and therefore must be excluded. *See Highland Capital Management c. Schneider*, 551 F.Supp. 2d 173, 180 (S.D.N.Y. 2008) (experts may not testify to facts that a lay jury can easily grasp themselves and can not testify concerning legal conclusions); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994)(an expert is not permitted to tell the jury what result to reach, and any such testimony does not *aid* the jury in making a decision).

Rather here defense counsel offers Mr. Zoltowski in the hopes of presenting some sort of "super finder of fact," or perhaps actually as an appellate judge, to sidestep the relevant body of law applicable to cargo theft. Of course, here this Court is charged with the duty of deciding the applicable law, which party has the burden of proof on each issue and the operation of legal presumptions. Once these decisions are made by the Court, Mr. Zoltowski has nothing to offer and an economist is not needed.

## CONCLUSION

The defense counsel may not evade the normal operation of the applicable damages rules by proffering Mr. Zoltowski's testimony in the hopes to confuse.

Dated: Rye, New York  
October 7, 2008

Respectfully Submitted,

MALOOF BROWNE & EAGAN LLC

By: _____  
David T. Maloof (DM 3350)  
Thomas M. Eagan (TE 1713)  
411 Theodore Fremd Ave., Suite 190  
Rye, New York 10580  
(914) 921-1200

*Attorneys for Plaintiffs Great American
Insurance Company Of New York and
Novartis Pharmaceuticals Corporation*

F:\WP-DOCS\0701.83\SJ Motion - Damages\100608 Reply Motion in Limine - Zoltowski.doc